IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TROY M. WILLIAMS,

    Petitioner,

v.            CIVIL ACTION NO.  2:04-cv-01292
               (Criminal No. 2:02-cr-00110)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

  Pending before the court is the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Docket 92].  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the court deny the petitioner's § 2255 motion [Docket 110].  The petitioner has filed objections to the Magistrate Judge's findings [Docket 115].  For reasons explained herein, the court **ADOPTS** the Magistrate Judge's findings and recommendations, **DENIES** the petitioner's § 2255 motion, and **DISMISSES** the case.

  The petitioner, Troy M. Williams, is serving a 210-month prison term after this court found him guilty of conspiring to distribute cocaine base in violation of 21 U.S.C. § 846.  The Fourth Circuit denied his appeal on December 15, 2003.  In the pending § 2255 motion, the petitioner asserts that his attorney provided ineffective assistance of counsel.  The Magistrate Judge construed the motion to set forth five separate grounds of ineffective assistance.

First, the petitioner alleges that his attorney's failure to move for dismissal of his indictment on the grounds that the indictment failed to charge an essential element of the crime amounts to ineffective assistance of counsel. Specifically, the petitioner argues his attorney should have moved to dismiss the indictment because it did not cite the specific penalty provision contained in 21 U.S.C. § 841(b)(1). The petitioner's second ground for ineffective assistance is similar, as he asserts that his counsel's failure to object to the court's constructive amendment of the charges against him also amounts to ineffective assistance.

To make out an ineffective assistance of counsel claim, a defendant must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 688, 689–91 (1984). In this case, the petitioner's argument that the indictment had to cite a specific penalty provision is incorrect. Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be a "plan, concise, and definite written statement of the essential facts constituting the offense charged." The indictment at issue satisfied these requirements and gave notice to the petitioner that he was being charged with a violation of 21 U.S.C. § 841. A drug indictment does not have to cite the specific penalty provision of 21 U.S.C. § 841(b)(1)(C) to pass muster. *See United States v. Cotton*, 535 U.S. 625, 633–35 (2002) (discussing Congress's decision to provide for a term of imprisonment of not more than twenty years for any drug offense involving a detectable amount of cocaine base). The petitioner's argument that the court constructively amended his charges is also incorrect. Because both of his legal arguments are meritless, no ineffective assistance of counsel can be found on the grounds that counsel failed to raise a meritless

argument.  *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996).  Accordingly, the court **FINDS** that the petitioner's first two grounds do not amount to ineffective assistance of counsel.

The petitioner next raises his counsel's failure to file a motion to suppress alleged statements made to police by coconspirator, William Morris.  This ground is also meritless as no evidence exists suggesting that petitioner's counsel had any legitimate reason to attempt to suppress Mr. Morris's statements.  The statements certainly were not hearsay because Mr. Morris testified at the petitioner's trial.  FED. R. EVID. 803(c).  The court **FINDS** that the petitioner's third asserted ground does not amount to ineffective assistance of counsel.  Also, pursuant to the Magistrate Judge's recommendation, the court **FINDS** the petitioner has not demonstrated that any actual statements made by Mr. Morris were false.

The fourth ground the petitioner raises is that his counsel failed to handle properly the change of venue issue.  Specifically, the petitioner claims that he could not receive an impartial trial in West Virginia.  He cites his investigator's report, which opined that he could not receive an impartial jury in this district.  The district court denied his motion for change of venue when this issue was raised before trial.  Because of this ruling, the petitioner, who was pro se at the time, claims he "was left with but one choice, and that was to waive his jury trial rights and move for a bench trial."  After reviewing the record and the Magistrate Judge's recommendation, the court **FINDS** that the petitioner has not demonstrated that the prospective jury pool would have been so tainted that an impartial jury would have been impossible or that the outcome of the proceeding would have been any different had a jury trial been held.  Accordingly, the court **FINDS** the petitioner's argument that he received ineffective assistance of counsel for his counsel's failure to pursue a motion for change of venue to be meritless.

The petitioner raises his counsel's failure to object to his relevant conduct calculation at sentencing and on appeal as the fifth ground for a finding of ineffective assistance. Because the Fourth Circuit has upheld this court's determination that the petitioner was properly sentenced as a career offender, his specific relevant conduct calculation is irrelevant. To the extent that the petitioner raises any arguments affected by *United States v. Booker*, 125 S. Ct. 738 (2005), or *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the court **FINDS** that the petitioner's conviction was final prior to those decisions.

None of the grounds raised by the petitioner amount to ineffective assistance of counsel. The court has reviewed the petitioner's motion and objections thoroughly and **FINDS** that the petitioner has raised other arguments in passing, but that none of these arguments have merit. Accordingly, the court **DENIES** the petitioner's § 2255 motion to vacate, set aside, or correct sentence.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      January 6, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE